Johnson, C. J. The first point presented by the demurrer relates to the sufficiency of the general allegation that the sheriff aadvertised and sold the land in controversy in due form of law, according to the Statute in such case made and provided.” Every fact essential to the plaintiff’s title to maintain the bill and obtain relief must be stated in the bill, otherwise the defect will be fatal. For no facts are properly in issue unless charged in the bill; and of course no proofs can be generally offered of facts not in the bill; nor can relief be granted for matters not charged, although they may be apparent from other parts of the pleadings and evidence; for the c*burt pronounces its decree secundum allegata et probata. The reason of this is, that the defendant may be apprised by. the bill what the suggestions and allegations are, against which he is to prepare his defence, see Story's E. P., p. 214. True it is, that in a particular class of'cases, tire same strictness is not required in equity that would be necessary at law. The same author, when treating upon the subject at page 212, says, “But although a general charge is insufficient; yet it does not follow that the plaintiff in his bill is bound to set forth all the minute facts. On the contrary, the general statement of a precise fact is often sufficient; and the circumstances, which go to confirm or establish it, need not be (though they often are) minutely charged; for they more properly constitute matters of evidence than matters of allegation. Thus, for example, if a bill is brought to set aside an award, bond or deed for fraud, imposition, partiality, or undue practice, it is not necessary in the bill to charge minutely every particular circumstance; for that is matter of evidence, every part of which need not be charged. 'And general certainty is sufficient in pleadings in equity. Thus, for example, the statement of a feoffment without livery of seizin, or of a bargain and sale without a statement of the enrolment thereof, will be sufficient. So, in a bill for a specific performance of a contract, if it be alleged, to be in writing, it is not necessary to allege it to be signed by the party; but it will be presumed to be signed. It will readily be perceived that the reason why a general statement of a precise fact is often sufficient, is, that the general statement of that precise fact consists of numerous circumstances, each of which have a nearer or more remote relation to it, and tends inore or less to its establishment. To charge the general fact in such a case would amount to general certainty, and tbat is sufficient for the purposes of equity. But the point to be determined here is, whether this is such a case as to come within the rule. If the sale set up in the bill, and under which the complainants claim title to the premises, be such a general fact as is composed of, and capable of being established by the proof, of particular circumstances, which preceded it in the order of time, it is then possible, that those circumstances need not be set out in the bill. We cannot so regard it. The sale may have taken place strictly in accordance with the averment, and yet not one of the prerequisites pre-' scribed by the Statute complied with; and on the other hand every prerequisite required, may have been scrupulously performed, and still the sale, which is the end and consummation of all, may not have taken place. The rule of law, that prevailed at the time of the alleged sale required great strictness in the proof, and required the party claiming under the collector’s sale to show, and that fully, that every step prescribed as a prerequisite to such sale had been complied with. It is perfectly obvious that each and every step, from the assessment of the tax to the sale, itself, is a separate and independent fact, and that the one has not the most remote connection with the other. It is, therefore clear, that, in this case, it was necessary to allege specially every fact essential to the consummation of the title, and that having failed to do so, they could not be permitted to support them by proof. The next point presented, relates to the sufficiency of the acts on the part of Joseph Ferguson, to constitute such a part performance as to take the case out of the Statute of frauds. The complainants allege tlrat Gray transferred his certificate of purchase to Joseph Ferguson, the person under whom they claim, and that said Ferguson, by virtue of the sale of the land and transfer of the certificate, ‘‘took possession of said tract of land and used and occupied the same in all respects as if he had a good and valid title to it; that he did so by putting his son, Moses Ferguson, in the quiet possession and enjoyment of the same, and that the said Moses has had the possession ever since, without any adverse claim having been set up by any person whatever. The certificate is exhibited in the bill, but, upon an inspection, no transfer is discovered upon it. There being no memorandum in writing of the contract between the parties., the whole matter is consequently narrowed down to the question of part performance. The averment is, that Sampson Gray, who purchased the land at sheriff’s sale, afterwards sold it to Joseph Ferguson; that Ferguson paid him the purchase money, and, by virtue of the contract, entered into the possession, by placing a son upon it, and that he has ever since held the possession. This court in the case of Keatts v. Rector, 1 A. R. p. 418, said “mere possession of the land, if obtained wrongfully and wholly independent of the contract, will not be deemed part performance of the agreement. But if possession be delivered and obtained solely under the contract, and in reference exclusively to it, then the possession will take the case out of the Statute: and especially will be held so to do, where the party has made repairs or improvements. And in such a case not to decree specific performance, would be to practice a fraud upon him. Butcher v. Stapely, 1 Vern. 365. Pyke v. Williams, 2 Vern. 455.” The doctrine of part performance, as now recognized by all the courts, goes to the extent, that, where a party makes a purchase of land and enters upon the possession solely under the contract, and in reference exclusively to it, then the possession will take the case out of the operation of the Statute of frauds. The facts alleged in this case are fully sufficient, independent of any written contract, to take it out of the operation of the Statute. Though the facts set up are insufficient to take the case out of the operation of the Statute of frauds, yet as all the facts essential to the complainant’s title were not alleged in the bill, it was therefore demurrable. The court below, therefore, erred in overruling the demurrer, and consequently the decree ought to be reversed. Decree reversed.